**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SAMUEL & STEIN
Michael Samuel, Esq.
38 West 32nd Street
Suite 1110
New York, NY 10001
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff, and*
*Proposed FLSA Collective*

| | |
|---|---|
| Victoria Cabrera, Omayra Colon, and Emely Turbides, *on behalf of themselves and all others similarly situated*, | |
| Plaintiffs, | INDEX NO. 17-_____ |
| - vs. – | **COMPLAINT** |
| 2855 Powercell, Inc. d/b/a 2855 3rd Avenue, 2855 3rd Avenue, Inc. d/b/a 410 E. 149th Street, 327 E. 149th Street, Inc. d/b/a 327 E. 149th Street, 508A Willis Avenue, Inc. d/b/a 508 Willis Avenue, Mohammed Islam (a.k.a. Mohammed Batt), and Akiva "Doe," | |
| Defendants. | |

Plaintiffs Victoria Cabrera, Omayra Colon, and Emely Turbide, by and through their undersigned attorneys, for their complaint against Defendants 2855 Powercell, Inc. d/b/a 2855 3rd Avenue, 2855 3rd Avenue, Inc. d/b/a 410 E. 149th Street, 327 E. 149th Street, Inc. d/b/a 327 149th Street, 508A Willis Avenue, Inc. d/b/a 508 Willis Avenue, Mohammed Islam (a.k.a. Mohammed Batt), and Akiva "Doe," allege as follows:

1.  Plaintiffs , on behalf of themselves and on behalf of other similarly situated current and former employees of Defendants, allege that they are entitled to: (i) compensation from

Defendants for wages paid at less than the statutory minimum wage required by the FLSA; (ii) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay as required by law; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants' violations lacked a good faith basis.

2. Plaintiffs further complain that they are entitled to (i) compensation for wages paid at less than the statutory New York minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (iii) compensation for Defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for Defendants' violation of the Wage Theft Prevention Act; and (v) liquidated damages pursuant to New York Labor Law for these violations.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

## THE PARTIES

5. Plaintiffs are all adult individuals residing in the Bronx, New York.

6. Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); their written consent is attached hereto and incorporated by reference.

7. Upon information and belief, Defendant 2855 Powercell, Inc. ("Powercell") is a New York corporation with a principal place of business at 2855 3rd Avenue, Bronx, NY 10455.

8. Upon information and belief, Defendant 2855 3rd Avenue, Inc. ("2855") is a New York corporation with a principal place of business at 410 E. 149th Street, Bronx, NY 10455.

9. Upon information and belief, Defendant 327 E. 149th Street, Inc. ("327") is a New York corporation with a principal place of business at 327 149th Street, Bronx, NY 10451.

10. Upon information and belief, Defendant 508A Willis Avenue, Inc. ("Willis") is a New York corporation with a principal place of business at 508 Willis Avenue, Bronx, NY 10455.

11. At all relevant times, Defendants have been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. Upon information and belief, at all relevant times, Defendants have had gross revenues exceeding $500,000.00.

13. Upon information and belief, at all relevant times herein, Defendants have used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

14. Upon information and belief, Defendant Mohammed Islam is an owner or part owner and principal of all the Corporate Defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

15. Defendant Mohammed Islam was involved in the day-to-day operations of the Corporate Defendants, and played an active role in managing the business.

16. Upon information and belief, Defendant Akiva "Doe" is an owner or part owner and principal of all the Corporate Defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

17. Defendant Akiva "Doe" was involved in the day-to-day operations of the Corporate Defendants, and played an active role in managing the business.

18. Defendants constituted "employers" of Plaintiffs as that term is used in the FLSA and New York Labor Law.

19. At all times relevant herein, the Corporate Defendants were, and continue to be, single and joint employers and had a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals.

20. Upon personal knowledge of the Plaintiffs, employees are frequently transferred between locations. For example, Plaintiff Emely Turbides was regularly rotated between three different stores.

21. As each Corporate Defendant independently engaged in interstate commerce that made gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year, and produces, purchases and handles goods moved in interstate commerce, the Corporate Defendants have gross sales exceeding Five Hundred Thousand Dollars ($500,000) per year, and produces, purchases and handles goods moved in interstate commerce.

22. The Corporate Defendants have at least four (4) active stores: (1) 2855 3rd Avenue, Bronx, NY 10455; (2) 410 E. 149th Street, Bronx, NY 10455; (3) 327 E. 149th Street, Bronx, NY 10451; and (4) 508 Willis Avenue, Bronx, NY 10455.

## COLLECTIVE ACTION ALLEGATIONS

23. Pursuant to 29 U.S.C. § 207, Plaintiffs seeks to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since December 19, 2014, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid at the statutory minimum wage, and who were not paid overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

24. The Collective Action Members are similarly situated to Plaintiffs in that they were employed by Defendants as non-exempt workers, and were denied proper minimum wages and overtime premiums for hours worked beyond forty hours in a week.

25. They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them minimum wage and overtime.

26. The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

## FACTS

27. At all relevant times herein, Defendants owned and operated a cellphone store in the Bronx.

28. Plaintiffs worked for Defendants as cellphone salespeople and customer service representatives. Plaintiffs were responsible for selling Defendants' cellphone products, activating the phones, and dealing with any customer service issues.

29. Ms. Cabrera was employed by Defendants at the store located at 2855 3rd Avenue, Bronx, NY 10455, for three separate intervals from approximately January 2012 to August 2017:

    a.    January 2012 to August 2014.

    b.    January 2015 to May 2015.

    c.    August 2015 to August 2017.

30. Ms. Cabrera used to work seven days per week, from 10:00 A.M. to 8:00 P.M. each day.

31. Consequently, Ms. Cabrera worked approximately 70 hours each week.

32. Ms. Cabrera was paid at the following rates:

    a.    $420 per week from January 2012 to August 2014.

    b.    $490 per week from January 2015 to May 2015.

    c.    $700 per week from August 2015 to August 2017.

33. Ms. Colon was employed by Defendants from approximately July 2013 to August 2016.

    a.    From approximately July 2013 to December 2014, Ms. Colon worked at 2855 3rd Avenue, Bronx, NY 10455.

    b.    From approximately January 2015 to May 2015, Ms. Colon worked at 410 E. 149th Street, Bronx, NY 10455.

    c.    From approximately May 2015 to August 2016, Ms. Colon worked at 327 E. 149th Street, Bronx, NY 10451.

34. Ms. Colon used to work six days, or on occasion, seven days, per week.

35. Ms. Colon's regular schedule was from 10:00 A.M. until 8:30 P.M.

36. Consequently, Ms. Colon worked roughly 63 hours per week.

37. Ms. Colon was paid at the following rates:

    a.    $60 per day from July 2013 to December 2014.

    b.    $65 per day from January 2015 to May 2015.

    c.    $70 per day from May 2015 to August 2016.

38. Ms. Turbides was employed by Defendants from approximately January 5, 2015 until September 2016.

39. Ms. Turbides was rotated between the same three stores that Ms. Omayra worked at, and additionally worked at a store located at 508 Willis Avenue, Bronx, NY, 10455.

40. Ms. Turbides worked five days per week, from 10:00 A.M. to 8:00 P.M. each day.

41. Consequently, Ms. Turbides worked approximately 50 hours each week.

42. Ms. Turbides was paid approximately $350 per week.

    a.    For the first four months of her employment, Ms. Turbides was paid solely in cash.

43. Plaintiffs were not allowed to take breaks during their workday. The exception was Ms. Cabrera, who was allowed a 30-minute daily break from the end of 2015 onward.

44. Defendants paid Plaintiffs $1 per accessory in commission, if they made more than $2,000 per week in sales.

45. Plaintiffs were paid in a combination of cash and checks.

46. For most of Plaintiffs' employment, until approximately mid-2016, Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

47. Plaintiffs' compensation did not vary based on the precise number of hours that they worked.

48. As a result, Plaintiffs' pay was less than the applicable New York state minimum wage at all relevant times.

49. Defendants' failure to pay an amount at least equal to the New York state minimum wage in effect during relevant time periods was willful, and lacked a good faith basis, within the meaning of the FLSA, the New York Labor Law § 198, § 663, and supporting regulations.

50. In addition, Plaintiffs were not paid overtime premiums for hours worked exceeding forty hours per week; they received just their regular weekly pay with no overtime component.

51. Defendants' failure to pay Plaintiffs the overtime "bonus" for hours worked beyond 40 hours in a workweek was willful, and lacked a good faith basis, within the meaning of the FLSA, the New York Labor Law § 198, § 663, and supporting regulations.

52. Plaintiffs were paid in part by cash and in part by check, and Defendants failed to provide them with weekly records of their regular and overtime compensation and regular and overtime hours worked, in violation of the Wage Theft Prevention Act.

53. Defendants failed to provide Plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

54. Upon information and belief, while Defendants employed Plaintiffs, and throughout all relevant time periods, Defendants failed to maintain accurate and sufficient time records or to provide them with accurate records of their hours worked.

55. Upon information and belief, while Defendants employed Plaintiffs, and through all relevant time periods, Defendants failed to keep posted a notice explaining the minimum wage and overtime pay rights provided by the New York Labor Law.

## **COUNT I**

### **(Fair Labor Standards Act – Minimum Wage)**

56. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

58. Defendants failed to pay a salary greater than the minimum wage to Plaintiffs for all hours worked.

59. Because of Defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action Members, at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

61. Due to Defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **COUNT II**

### **(Fair Labor Standards Act – Overtime)**

62. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

63. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

64. Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

65. Because of Defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

66. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

67. Due to Defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law – Minimum Wage)

68. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

69. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70. Defendants violated Plaintiffs' rights by failing to pay their compensation exceeding the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

71. Defendants' failure to pay compensation exceeding the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663, and supporting regulations.

72. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## COUNT IV

### (New York Labor Law - Overtime)

73. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

74. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

75. Defendants violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times their regular rate of pay for each hour worked exceeding forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq*. and its supporting regulations in 12 N.Y.C.R.R § 142.

76. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663, and supporting regulations.

77. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

78. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

79. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

80. Defendants willfully violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting longer than ten hours, in violation of the New York Labor Law §§ 650 *et seq*. and its supporting regulations.

81. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

82. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law – Wage Theft Prevention Act)

83. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

84. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

85. Defendants willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act.

86. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act at any time during their employment.

87. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs are entitled to recover from Defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

88. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from Defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action members;

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

C. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

D. Compensatory damages to Plaintiffs for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

E. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and New York Labor Law;

F. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

G. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

H. An award of liquidated damages as a result of Defendants' violations of New York Labor Law;

I. Statutory damages for Defendants' violation of the New York Wage Theft Prevention Act;

J. Back pay;

K. Front pay;

L. Punitive damages;

M. An award of prejudgment and post-judgment interest;

N. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

O. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, NY
      December 27, 2017

Respectfully submitted,

/s/ *Michael Samuel*
Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiff, and Proposed FLSA Collective*